IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| ALAN BLAKELY and COLELYN BLAKELY, | ) ) Civil No. 2:06-CV-00506 BSJ ) |
| Plaintiffs, | ) **MEMORANDUM OPINION** ) **& ORDER** |
| vs. | ) ) **FILED** |
| USAA CASUALTY INSURANCE COMPANY, | ) CLERK, U.S. DISTRICT COURT ) May 20, 2014 (11:54am) ) DISTRICT OF UTAH |
| Defendant. | ) |

* * * * * * * * *

On November 16, 2012, this court docketed the mandate of the court of appeals in the above-entitled action. (*See* Mandate, filed November 16, 2012 (CM/ECF No. 164).) The court of appeals reversed this court's December 6, 2011 Memorandum Opinion and Order granting summary judgment against the plaintiffs Alan and Colelyn Blakely ("the Blakelys") on their claims against USAA Casualty Insurance Company ("USAA") for breach of the implied covenant of good faith and fair dealing and remanded the same for further proceedings in light of the Utah Supreme Court's recent opinion in *Jones v. Farmers Insurance Exchange*, 2012 UT 52, 286 P.3d 301, decided August 28, 2012.

USAA filed a renewed motion for summary judgment, arguing that:

[i]n this case, the Circuit Court's decision merely stated "reverse and remanded". Nothing in the Circuit Court opinion directs the trial court to set the matter for trial or otherwise precludes further preparation for trial through Rule 16 proceedings or investigation into whether sufficient facts could be shown at trial

to avoid summary judgment.[1]

Indeed, USAA asserts that "[t]he opinion of the Tenth Circuit Court of Appeals dated October 22, 2012, does not preclude this Court from considering or granting summary judgment on the bad faith cause of action."[2]

The October 2012 mandate in this case says, in part:

> We agree with the district court that the parties dispute merely the significance of the facts, not the facts themselves. Yet this does not mean summary judgment is automatically appropriate. Under Utah law, "[w]hether there has been a breach of good faith and fair dealing is a factual issue, generally inappropriate for decision as a matter of law." *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 968 (Utah 2008) (quoting *Republic Group, Inc. v. Won–Door Corp.*, 883 P.2d 285, 291 (Utah Ct. App. 1994)). Oddly enough, the question of "[w]hether an insured's claim is fairly debatable under a given set of facts is . . . question of law," rather than of fact. *Billings*, 918 P.2d at 464. This is so, despite the fact that the "analysis of whether an insurance claim is fairly debatable is closely related to an analysis of whether an insurer fulfilled its duty under *Beck* to evaluate the claim fairly." *Jones v. Farmers Ins. Exchange*, 286 P.3d 301, 305 (Utah 2012) (footnote omitted). The Utah Supreme Court recently tried to reconcile these contradictory notions. It clarified that although the "fairly debatable" defense is a matter of law, it is not always appropriately decided on summary judgment. *Id.* at 302–03. Rather, "the fairly debatable defense should not be resolved through summary judgment if reasonable minds could differ as to whether the defendant's conduct measures up to the standard required for insurance claim investigations." Id. In such a case, the question of good faith should be presented to the jury. *Id.* at 306–07. Thus, the question before us is whether the undisputed facts demonstrate that "reasonable minds could differ" as to Defendant's compliance with *Beck*'s standard for good faith and fair dealing.
> * * * *
> Because Plaintiffs have adduced sufficient evidence of Defendant's bad faith that reasonable minds could differ as to whether Defendant breached the covenant of good faith and fair dealing, summary judgment was inappropriate.

---

[1] (Errata Reply Memorandum in Support of Motion for Summary Judgment, filed May 2, 2014 (CM/ECF No. 227), at xxxiv.)

[2] (Motion and Memorandum in Support of Motion for Summary Judgment, filed March 14, 2014 (CM/ECF No. 218), at 2.)

USAA now argues that the court of appeals erred in several respects in its evaluation of the facts in this case and its reading of *Jones v. Farmers Insurance Exchange*, 2012 UT 52, 286 P.3d 301.

Generally, "[t]he mandate consists of our instructions to the district court at the conclusion of the opinion, and *the entire opinion that preceded those instructions*." *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003) (emphasis added) (citing *Barber v. International Broth. of Boilermakers*, 841 F.2d 1067, 1071 (11th Cir. 1988)). The "mandate rule" requires a district court to "comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). The mandate rule "generally requires trial court conformity with the articulated appellate remand." *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir.1996).

Like the "law of the case" doctrine, the mandate rule is "a discretion-guiding rule subject to exception in the interests of justice"; it is "a rule of policy and practice, not a jurisdictional limitation, which thus allows some flexibility in exceptional circumstances." *Id.* at 1234–35. One such exceptional circumstance is "a dramatic change in controlling legal authority." *Id.* at 1234. But USAA cites no more recent Utah authority dramatically departing from *Jones*, and this court has found none.

One thing seems clear: the "articulated appellate remand" in this case overturned summary judgment in favor of USAA on the Blakelys' bad faith claim because the facts relied upon by the Blakelys—though themselves uncontroverted—raise a triable issue as to whether USAA breached the *Beck* standard. The question of breach is for the jury, as is the question of damages—if we reach that point. This remains the import of the court of appeals' October 2012

mandate.

USAA asserts that while a district court is "bound to follow the mandate, and the mandate 'controls all matters within its scope, . . . a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.'" *Procter & Gamble Co. v. Haugen*, 317 F.3d at 1126–27 (quoting *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986)). USAA argues that the October 2012 mandate disposed of the summary judgment issue *incorrectly*, but the panel disposed of that issue nonetheless. If USAA seeks to correct perceived errors in the court of appeals' October 2012 disposition, there is a mechanism for doing so. *See, e.g., Ute Indian Tribe v. State of Utah*, 935 F. Supp. 1473, 1523-27 (D. Utah 1996), *remanded and mandate modified by Ute Indian Tribe of the Uintah and Ouray Reservation v. State of Utah*, 114 F.3d 1513 (10th Cir. 1997); 2A Fed. Proc., L. Ed. *Appeal, Certiorari, and Review* §§ 3:1021-3:1023, at 799-803 (2003); 36 C.J.S. *Federal Courts* § 754, at 700-01 (2003). Absent a recall of the mandate in this case, this court remains bound by its terms.

USAA's motion for summary judgment must therefore be denied. The parties should be prepared to present a statement of the uncontroverted historical facts in this case to the jury—preferably in writing, to be read by a neutral third party. The question of breach will be decided by the trier of fact.

For the reasons explained above,

**IT IS ORDERED** that USAA's Motion and Memorandum in Support of Motion for Summary Judgment, filed March 14, 2014 (CM/ECF No. 218) is DENIED; and

**IT IS FURTHER ORDERED** that the above-captioned proceeding is hereby calendared for a continued Final Pretrial Conference on July 30, 2014, at 9:30 a.m.

DATED this ___ day of May, 2014.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge